WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF:<br>Osemerie Efetie,<br>    Debtor.<br>Osemerie Efetie,<br>    Appellant,<br>v.<br>Brian J. Mullen, *et al.*,<br>    Appellee. | No. CV-20-02488-PHX-<br>BK NO. 2:20-bk-07953-PS<br>ADV NO. Adv. No. 2:20-ap-00295-PS |

  At issue is Appellant's Notice of Appeal (Doc. 1 at 5) and this Court's Notice of Docketing Bankruptcy Matter (Doc. 2). When *pro se* Appellant Osemerie Etefie filed the Notice of Appeal, the U.S. Bankruptcy Court notified Appellant of the requirement to file a statement of issues to be presented on appeal and a designation of items to be included in the record on appeal, within 14 days of filing the Notice of Appeal. (Doc. 1 at 2.)

  Under Bankruptcy Rule 8009(a), an appellant is required to file in the Bankruptcy Court a statement of issues and designation of record within 14 days after filing the Notice of Appeal. The rule is mandatory because the statement of issues and record on appeal are essential to both the appellees, who must respond to the appellant's brief, and the Court in resolving the appeal. Once the appellant files the statement of issues and designation of

record, the Bankruptcy Court files a Certificate of Readiness in the District Court, which constitutes the date the appeal is perfected in District Court.

Here, Appellant filed the Notice of Appeal on December 28, 2020. (Doc. 1 at 5.) Although Appellant should have filed the statement of issues and designation of record in the Bankruptcy Court by mid-January—over six weeks ago—this Court has received a Notice from the Bankruptcy Court that Appellant has filed neither. (Doc. 6.) Appellant has not sought an extension of time or identified any cause for the substantial delay.

Both Bankruptcy Rule 8003(a)(2) and Local Bankruptcy Appeal Rule 8020-1 permit the Court to dismiss an appeal for failure to prosecute. Indeed, in its January 4, 2021 Order (Doc. 2), this Court warned Appellant that "failure to comply with the provisions of Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Appeal Procedure may result in the Court taking action for failure to perfect the appeal, including possible dismissal pursuant to Rule 8020-1 of the Local Rules of Bankruptcy Appeal Procedure." *See also In re O'Brien*, 312 F.3d 1135, 1137 (9th Cir. 2002) (noting that the Rules "serve a critical function in that they maximize ever more scarce judicial resources," finding it impermissible for an appellant to ignore the rules "and essentially toss[] this bankruptcy case in our laps, leaving it to us to figure out the relevant facts and law," and dismissing the appeal).

Considering Appellant appears *pro se* in this matter, the Court will give Appellant one more opportunity to comply with the Rules, which Appellant must do within 10 days of the date of this Order. Failure to timely comply with this Order will result in dismissal of this appeal.

**IT IS THEREFORE ORDERED** that, within 10 days of the date of this Order, Appellant shall (1) file in the Bankruptcy Court a designation of items to be included in the record on appeal and a statement of issues to be presented on appeal (*see* Doc. 1 at 2); and

(2) file in this Court a Notice of Compliance with this Order. If Appellant fails to timely comply with this Order, the Court will dismiss this appeal for failure to prosecute.

Dated this 3rd day of March, 2021.

_____
Honorable John J. Tuchi
United States District Judge